IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARICELA FAULHABER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| Vs. | ) | No: |
| | ) | |
| WAL-MART STORES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

NOW COMES the Defendant, WAL-MART STORES, INC., by and through its attorneys, Heather E. Shea and Lucas Sun, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removes this action to the United States District Court for the Northern District of Illinois, Eastern Division, and in support thereof, states as follows:

1. The movant's Notice of Removal is based upon subject-matter jurisdiction conferred by diversity of citizenship, as established in 28 U.S.C. § 1332.

2. Upon information and belief, the named Plaintiff is currently and was at the time of the subject accident a citizen and resident of the State of Illinois. (*See* Plaintiff's Answers to Written Discovery, attached as Exhibit A).

3. Both at the time of the commencement of the State Court action and at the present time, Defendant, WAL-MART, was and is a Delaware Corporation and its executive headquarters were and are located in Bentonville, Arkansas. (*See* Arkansas Secretary of State Business Information Search, attached as Exhibit B). A corporation has a single principal place of business where its executive headquarters are located. *Metropolitan Life Ins. Co. v. Estate of Cammon*, 929 F.2d 1220, 1223 (7th Cir. 1991). Therefore, at all pertinent times, WAL-MART is and has been a citizen of Delaware and Arkansas.

4.      This matter arises out of an accident which occurred on February 18, 2013 at the Wal-Mart Store located in Aurora, Illinois. Plaintiff, MARICELA FAULHABER, filed a Complaint in the Circuit Court of Kane County, styled Maricela Faulhaber v. Wal-Mart Stores, Inc., bearing Kane County, Illinois, Case No. 2015 AR 81. (*See* Exhibit C, Complaint at Law) [1]. At the time of filing, the Complaint sought damages not in excess of $50,000. (Exhibit C).

5.      WAL-MART first received Plaintiff's Complaint when it was served with process on February 23, 2015. (*See* Exhibit C). In response to this Complaint, WAL-MART filed its Appearance and Jury Demand on March 10, 2015. (*See* Exhibit D, Appearance and Jury Demand).

6.      The Complaint alleges Plaintiff suffered damages through boilerplate language that he suffered "great pain and anguish; that the Plaintiff has spent and became liable for, and may in the future spend and become liable for, a large sum of money for medical care and attention…" (Exhibit C).

7.      On August 18, 2015, the parties appeared in Kane County for a scheduled status conference. Based on Defendant counsel's conversation with Plaintiff's counsel, it was indicated that Plaintiff would be seeking total relief in an amount exceeding $75,000. (See Exhibit E, Affidavit of Lucas Sun). As such, and upon request of Plaintiff's counsel, this matter was transferred from the Arbitration Division (under $50,000 claims) to Law Division (over $50,000 claims). (See Exhibit F, August 18, 2015 Order).

8.      Where a case is not removable by review of the initial pleadings, WAL-MART has a statutory right to file its Notice of Removal "thirty days after receipt…of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one

---

[1] Pursuant to 28 U.S.C., § 1446(a), WAL-MART has attached as Group Exhibit C, a copy of the Plaintiff's Complaint, Summons, and all other pleadings served upon the movant as of the date of this Notice.

which is or has become removable." 28 U.S.C. § 1446(b)(3). As established in this Notice, WAL-MART has properly filed its Notice of Removal within the applicable thirty-day time frame, as until Plaintiff's counsel informed Defendant's counsel of the amount in controversy, WAL-MART had no notice this case exceeded the jurisdictional amount necessary to trigger removal.

9. Given Plaintiff's medical damages, the amount in controversy exceeds $75,000.00, exclusive of interest and costs. (See Exhibit E).

10. There is complete diversity of citizenship between Plaintiff and Defendant, WAL-MART.

11. With the first notice that the amount in controversy exceeded $75,000 occurring on or about August 18, 2015, this Notice was filed within thirty (30) days of "receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

12. As required by 28 U.S.C. § 1446(d), the movant will promptly serve upon Plaintiff's counsel, and file with the Circuit Court of Kane County, a true and correct copy of this Notice.

13. By removing this action, Defendant does not waive any defenses available to it.

14. If any question arises as to the propriety of the removal of this action, the movant requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

15. This Notice is signed and in compliance with Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, defendant, WAL-MART STORES, INC., prays that this Honorable Court retain jurisdiction of the matter pursuant to 28 U.S.C., §§ 1332, 1441, and 1446.

Respectfully Submitted,

O'HAGAN, LLC

By: \_/s/Lucas Sun_____
Lucas Sun

Heather E. Shea, Esq.
Lucas Sun, Esq.
Attorneys for Defendant, Wal-Mart Stores, Inc.
O'HAGAN, LLC
1 E. Wacker Drive, Ste. 3400
Chicago, Illinois 60601
(312) 422-6100

## CERTIFICATE OF SERVICE

I certify that on the **27th** day of **August, 2015,** service of a true and complete copy of the above and foregoing pleading or paper was made upon all counsel of record by depositing the same in the United States mail, first-class postage prepaid, in envelopes properly addressed to each of them.

/s/Lucas Sun
O'HAGAN, LLC
1 E. Wacker Drive, Ste. 3400
Chicago, Illinois 60601
(312) 422-6100